IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
------------------------------------------------------  :
                                                        :  CASE NO.  1:13 CV 01513
BEUMER CORPORATION,                                     :
                                                        :
                                          Plaintiff,    :  MEMORANDUM OF OPINION AND
                                                        :  ORDER
                -vs-                                    :
                                                        :
                                                        :
THE BLOOM LAKE IRON ORE MINE                            :
LIMITED PARTNERSHIP,                                    :

                                          Defendant.
------------------------------------------------------
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is a motion to stay litigation and for an order referring the case to arbitration filed by the plaintiff Beumer Corporation ("Beumer"). (Doc. 3). The defendant The Bloom Lake Iron Ore Mine Limited Partnership ("Bloom Lake") has filed a response in opposition. (Doc. 7). Beumer has filed a reply, and Bloom Lake a surreply. (Doc. 12, 14). For the reasons that follow, Beumer's motion is denied.

## I. Background

The plaintiff Beumer is a Delaware corporation with its principle place of business in Somerset, New Jersey. (Doc. 1, ¶1). The defendant Bloom Lake is a limited partnership organized under the laws of the Province of Ontario with its principle place

of business in Ontario, Canada. (Doc. 1, ¶2). In the fall of 2011, Beumer and Bloom Lake entered into two contracts, under which Bloom Lake agreed to purchase, and Beumer agreed to supply, equipment for the storage and transportation of iron ore. The equipment was to be delivered to a mining facility in Quebec, Canada. After a dispute arose with respect to whether Beumer should be compensated for additional costs it incurred in the course of performance, Beumer filed this lawsuit. Beumer seeks $7,362,438.71 in damages on claims of (1) Breach of Contract; (2) Fraud in the Inducement/Fraudulent Misrepresentation/Equitable Estoppel; and (3) Unjust Enrichment.

While Beumer, on the one hand, invokes the jurisdiction of the Court for the purpose of resolving the substantive merits of the dispute, it also seeks an order staying the litigation and referring the case to arbitration. Beumer argues that pursuant to their contracts the parties agreed to submit their disputes to arbitration in lieu of litigation. Bloom Lake, for its part, argues the parties agreed by contract to litigate rather than arbitrate their disputes.

## II. The Relevant Contract Provisions

The question whether this matter should be litigated or arbitrated arises from two competing contract provisions. The first provision (hereinafter, "the Arbitration Provision") sets the terms under which the parties purportedly agreed to use arbitration as a means of dispute resolution. The Arbitration Provision, which Beumer maintains is controlling, reads as follows:

> If a disagreement arises concerning the interpretation of any Contract Document, either Party may send a written notice of such a disagreement to the other Party. The Parties shall use their best efforts to settle amicably all disagreements

2

>arising out of or in connection with the interpretation of any Contract Document. In the event that the Parties cannot settle the dispute amicably within a fourteen (14) day delay starting from the receipt of said written notice by the other Party, either Party, in lieu of litigation, shall then refer the disagreement to arbitration to be administered by the American Arbitration Association in accordance with the provisions of its Commercial Arbitration Rules. . . .

(Doc. 3-1, p. 40, Standard Terms and Conditions § 25.1; Doc. 3-2, p. 36). Highlighting the compulsory language, "*shall* then refer," Beumer maintains that arbitration, in lieu of litigation, is mandatory. Beumer, having allegedly complied with the contract's notice requirement, accordingly argues that arbitration is appropriate in this instance since the present disagreement, which it claims requires an interpretation of the contract documents, falls within the scope of the Arbitration Provision.

The second provision (hereinafter, "the Court Provision"), which Bloom Lake argues should take precedence over the Arbitration Provision, addresses the circumstances in which the parties purportedly agreed to litigate a disagreement in court. The Court Provision, contained in the purchase agreement, states:

>Governing Law. Any disputes arising out of or in conjuction with this Agreement shall be adjudicated in the local, state or federal courts of Cleveland, Ohio and shall be interpreted in accordance with the laws of the State of Ohio and for all purposes will be governed by and construed and enforced in accordance with the laws of the State of Ohio.

(Doc. 3-1, p. 4, § 14.6).

Bloom Lake argues that the two provisions are in conflict, since "[b]oth provisions are all-inclusive, both are mandatory, and neither admits the possibility of the other." (Doc. 7, p. 5 (quoting Applied Energetics, Inc. V. NewOak Capital Mkts., 645 F.3d 522 (2d Cir. 2011)). To resolve the conflict, Bloom Lake urges the Court look to a third contract provision. Contained in Section 3.6 of the Standard Terms and Conditions is

3

the Precedence Provision, which establishes priority in the event one contract provision contradicts another. The relevant language appears as follows:

> 3. INTERPRETATION
>
>> The following provisions govern with respect to the rules of interpretation:
>>
>> * * *
>>
>> 3.6 <u>Precedence</u> -- Supplier undertakes to strictly comply with all documents hereinafter referred to. In the case of contradiction between the following documents, they take precedence in the following order:
>>
>>> 3.6.1 the Purchase Order
>>>
>>> 3.6.2 the Specific Conditions
>>>
>>> 3.6.3 the Standard Terms and Conditions

(Doc. 3-1, pp. 30-31).

Bloom Lake argues that under the Precedence Provision, the Court Provision, contained in the purchase agreement, takes priority over the Arbitration Provision, which is contained in the Standard Terms and Conditions.

### III. Discussion

"Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." <u>AT&T Techs., Inc. v. Commc'ns Workers of Am.</u>, 475 U.S. 643, 649 (1986). In making this decision, the Court observes the Federal Arbitration Act's liberal policy favoring arbitration, as "it is well established that any doubts regarding arbitrability must be resolved in favor of arbitration." <u>Fazio v. Lehman Bros., Inc.</u>, 340 F.3d 386, 392 (6th Cir.2003).

However, as correctly noted by the defendant, the presumption in favor of arbitration does not apply simply because a party seeks a referral to arbitration. Rather, it is observed only "where *a validly formed and enforceable* arbitration agreement is ambiguous about whether it covers the dispute at hand." Granite Rock Co. v. International Brotherhood of Teamsters, 561 U.S. 287, 130 S.Ct. 2847, 2858–59, 177 L.Ed.2d 567 (2010) (emphasis added). Thus, "[w]hile doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made." Applied Energetics, Inc. v. NewOak Capital Markets, LLC, 645 F.3d 522, 526 (2d Cir. 2011).

In the present case, Beumer attempts to frame the question as one relating to the scope of the Arbitration Provision by asserting that the underlying dispute is connected to the interpretation of the parties' contracts. (Doc. 3, p. 5). As noted above, the scope of the Arbitration Provision includes "all disagreements arising out of or in connection with the interpretation of any Contract Document." Thus, insofar as Beumer argues that its claims fit this description, it must be presumed that they do pursuant to Fazio v. Lehman Bros., *supra*. However, the plaintiff dedicates little more than a paragraph to this issue. The relevant issue, as presented by both of the parties, is more essential: whether, given the competing contract provisions, the Arbitration Provision was agreed to at all. Therefore, insofar as the Court is called upon to resolve the latter question, the presumption in favor of arbitration does not apply, pursuant to Applied Energetics.

The Court now addresses whether the Arbitration Provision can be read in harmony with the Court Provision. In Beumer's view, there is no conflict since the

5

Arbitration Provision requires that "in lieu of litigation" all disagreements shall be referred to arbitration. The Court Provision, Beumer argues, is consistent with the Arbitration Provision, because the Court Provision is merely a forum selection clause applicable only to proceedings tangential to arbitration, such as determining the scope and applicability of the Arbitration Provision. Beumer suggests this is so because the Court Provision does not "indicate that the substantive merits of all disputes arising between Beumer and Bloom Lake be litigated instead of arbitrated."

In the Court's view, Beumer's contention that the Court Provision is merely a forum selection clause that does not require the parties to litigate the substantive merits of their disputes is unpersuasive. First of all, the Court Provision plainly states that "[a]ny disputes arising out of or in conjunction with this Agreement shall be adjudicated in the local, state or federal courts of Cleveland, Ohio. . . ." This language is broad and mandatory, and Beumer offers no meaningful argument as to why the phrase "any dispute" does not include the "substantive merits of their dispute," nor does it explain how the phrase "shall be adjudicated" leaves any room for arbitration. See Applied Energetics, Inc. v. NewOak Capital Markets, LLC, 645 F.3d 522, 525 (2d Cir. 2011) (citing Bank Julius Baer & Co., Ltd. v. Waxfield Ltd., 424 F.3d 278 (2d Cir.2005) (use of the word "adjudicate" specifically precludes arbitration).

Furthermore, the authority supplied by Beumer is inapposite. Beumer cites MJR Int'l, Inc. v. Am. Arbitration Ass'n, Case No. 06-cv-0937, 2009 WL 2824102 (S.D. Ohio Aug. 26, 2009), to support its claim that the Court Provision and the Arbitration Provision can be harmonized. That case, similar to the present case, involved two competing contract provisions, which Beumer argues are "virtually identical" to those at

6

bar. The MJR court concluded that the two provisions did not conflict, and it rejected arguments from the the party seeking to avoid arbitration that the matter should be litigated on the merits. Id. at *9-10.The first provision in MJR is a forum selection clause, which reads as follows:

> This Agreement and the Guarantee Fee Agreement shall be governed by and construed in accordance with the laws of the State of New York, and all rights and remedies are to be governed by said laws, exclusive of conflicts of laws provisions. Each party hereby consents to be subject to the personal jurisdiction of all federal and state courts located in the State of New York . . . in any action or proceeding relating to, arising out of or in connection with this Agreement. . . .

Id. at 8.

> The competing provision spells out the terms for arbitration:
>
> [a]ny controversy arising under, out of, in connection with, or relating to, this Agreement and/or the Guarantee Fee Agreement, and any amendment thereof, or breach thereof, including any disagreement as to the interpretation of any provision of this Agreement and/or the Guarantee Fee Agreement, shall be determined and settled by arbitration in accordance with the rules of the American Arbitration Association.

Id. at 9.

The Court disagrees with Beumer that the MJR provisions are "virtually identical" to those at bar. Unlike the present case, MJR's forum selection clause did not mandate that the parties' dispute be resolved in a court of law. It did not contain an obligatory verb such as "shall" or otherwise demand judicial resolution of the parties' dispute. Rather, the clause established a forum in contemplation of a tangential proceeding, such as "a proceeding to confirm or modify any arbitration award or to determine the scope or applicability of the arbitration clause." See id. at 9. The MJR court reasonably concluded that the broadly worded contract provision mandating arbitration did not

7

conflict with the contract provision that selected merely a forum in the event some related dispute did arise.

Conversely, as already described, the Court Provision in the present case contains broad, mandatory language: "*Any disputes* arising out of or in conjunction with this Agreement *shall be adjudicated* in the local, state or federal courts of Cleveland, Ohio. . . ." This is not, as Beumer claims, simply a forum selection clause; rather, it requires that any dispute related to the contract, without exception, be brought in the local, state, or federal courts of Cleveland, Ohio. The Court accordingly concludes that MJR is distinguishable.

Beumer next relies on Reyna Capital Corp. v. McKinney Romeo Motors, Inc., 2011-Ohio-6806, 2011 Ohio App. LEXIS 5636 (Ohio Ct. App. December 30, 2011), which is also distinguishable from the present matter. In that case, plaintiff Reyna, a leasing company, brought a lawsuit in state court against defendant McKinney, an automobile dealership, alleging that McKinney owed the Reyna money pursuant to a lease agreement. Id. at ¶2. The lease agreement contained a forum selection clause requiring, *inter alia*, that any action relating to or arising out of the lease agreement be instituted and litigated in federal or state court. Id. at ¶25.

McKinney answered and filed a third party complaint for breach of contract against Reynolds, a computer systems manufacturer. Id. at ¶3. McKinney and Reynold's relationship was governed by a master agreement, separate and distinct from the lease agreement. Id. at ¶¶4, 19, 47, 50. The master agreement contained an arbitration clause, under which McKinney and Reynolds agreed to resolve their disputes by binding arbitration. Id. at ¶¶21. Reynolds accordingly filed a motion to stay

8

proceedings and compel arbitration. Id. at ¶12. The motion was granted, and the action between Reyna and McKinney was stayed pending arbitration of McKinney's third party complaint against Reynolds. Id. McKinney immediately appealed the order. Id. at ¶13.

On appeal, McKinney argued that the trial court erred by compelling arbitration because the forum selection clause contained in the lease agreement conflicted with the arbitration clause in the master agreement. The court of appeals found no conflict because Reynolds, who was not a party to the lease agreement, did not agree to the forum selection clause. As stated by the court, "the forum selection clause applies to claims arising out of the [lease agreement] between Reyna and McKinney, and the arbitration clause applies to claims arising out of the Master Agreement between Reynolds and McKinney." Id. at ¶47.

The present case is on an entirely different footing from Reyna Capital. Reyna Capital involved two separate contracts entered into between two sets of parties, but the present case involves a single contract, the terms of which both Beumer and Bloom Lake undisputedly agreed. Although Beumer cites language from Reyna Capital it believes supports its position, the Court is unpersuaded by it, as the facts of Reyna Capital are so different from the present case.

Having considered and rejected Beumer's arguments, it is the Court's view that the Arbitration Provision is irreconcilable with the Court Provision. In reaching this conclusion, the Court is persuaded by Applied Energetics, Inc. v. NewOak Capital Mkts., *supra*, a case cited by the defendant. In Applied Energetics, as here, the parties disputed how to interpret competing contract provisions: one stating that "any dispute . . . shall be adjudicated in the Supreme Court, New York County . . . ." and another that

9

stating that disputes "shall be resolved through binding arbitration." The Applied Energetics court concluded that the two provisions could not be read as complementary because "[b]oth provisions are all-inclusive, both are mandatory, and neither admits the possibility of the other." Id. at 525. Such is the case in this instance, as both the Arbitration Provision and the Court Provision use the word "shall," foreclosing any reasonably complementary reading. Both provisions are mandatory, and both apply to any dispute related to an interpretation of the contract.

The next question is how the conflict is to be resolved. As noted above, Bloom Lake asserts that in matters of contract interpretation the Precedence Provision prioritizes the purchase order over the standard terms and conditions. Bloom Lake contends that the purchase agreement, which contains the Court Provision, fits within the definition of purchase order. By the parties' agreement, "purchase order" is defined as

> such purchase order issued for the Supply by [Beumer] of the deliverables more specifically identified in these Standard Terms and Conditions, the Specific Conditions and the Contract Documents duly signed by an authorized representative of [Bloom Lake], setting forth a particularized order for the Supply by [Beumer] of said deliverables, including price, delivery dates and such other information as may be necessary in accordance with and subject to the terms and conditions of the Contract.

(Doc. 3-1, p. 30). The purchase agreement fits this description because it identifies the equipment to be provided, the price, the delivery schedule, and other key requirements related to the sale of the equipment. Beumer provides no meaningful argument to the contrary. Therefore, because the purchase agreement fits the definition of purchase order, the purchase agreement (which contains the Court Provision) takes priority over the standard terms and conditions (which contain the Arbitration Provision). The parties

10

bound themselves to the Court Provision, and this matter shall be litigated rather than arbitrated.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to stay litigation and for an order to refer to arbitration is denied. (Resolving Doc. 3).

IT IS SO ORDERED.

                                                /s/ Lesley Wells  
                                  UNITED STATES DISTRICT JUDGE

Date: 12 June 2014